IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID OH,<br>Individually &<br>On Behalf of the Voters of Philadelphia<br>1700 RACE STREET<br>PHILADELPHIA, PA 19103 | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION<br>NO. 08-81 |
| PHILADELPHIA COUNTY<br>BOARD OF ELECTIONS,<br>CITY HALL, ROOMS 130 - 134<br>PHILADELPHIA, PA 19107, | : | |
| and<br>HON. MARGARET M. TARTAGLIONE,<br>HON. EDGAR A. HOWARD,<br>HON JOSEPH J. DUDA and<br>SUPERVISOR DENNIS KELLY<br>Individually and in their Official Capacity<br>Defendants | : | FILED<br>MAR 25 2008<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

## AMENDED COMPLAINT

AND NOW, Comes plaintiff, David Oh, individually and on behalf of the Voters of the City of Philadelphia, and demands damages and relief, from the defendants, jointly and severally, and in support thereof sets forth the following allegations and claims in his Amended Complaint:

### I. INTRODUCTION - THE PARTIES

1. Plaintiff David Oh, an adult citizen and resident of the City of Philadelphia, is a registered Voter and was a Candidate for Philadelphia City Council-at-Large of the Republican Party in the November 2007 election.

-1-

2. Defendant Philadelphia County Board of Elections, is a municipal agency constituted of the Defendant Philadelphia City Commissioners, and directed by Defendant Supervisor Dennis Kelly, whose mission is to administer Voter Registration and conduct Elections in accordance with Federal and State voter registration and election laws.

3. Defendant, the Honorable Margaret M. Tartaglione, an adult citizen and resident of the City of Philadelphia, is a duly elected public official, holding the office of Philadelphia City Commissioner, serving as Chairwoman, who also serves as Philadelphia County Board of Elections.

4. Defendant, the Honorable Edgar A. Howard, an adult citizen and resident of the City of Philadelphia, is a duly elected public official, holding the office of Philadelphia City Commissioner, who also serves as Philadelphia County Board of Elections.

5. Defendant, the Honorable Joseph J. Duda, an adult citizen and resident of the City of Philadelphia, is a duly elected public official, holding the office of Philadelphia City Commissioner, who also serves as Philadelphia County Board of Elections.

6. Defendant, Dennis Kelly, an adult citizen and resident of the City of Philadelphia, is a duly appointed public official who serves as Supervisor of Elections for the Philadelphia County Board of Elections.

## II. JURISDICTION AND VENUE

7. This is a civil action seeking damages and relief against the defendants for committing acts that deprived the Plaintiff of rights secured to him under the Constitution and the laws of the United States of America pursuant to Title 42 U.S.C. sec. 1983 and The Voting Rights Act, 42 U.S.C. sec. 1971 *et seq.*

8. This Court's jurisdiction to adjudicate plaintiffs civil rights claims is predicated, *inter alia*, upon 28 U.S.C. sec. 1331, 1332 and 1343. Plaintiffs federal claims arise pursuant to the Civil Rights Act, 42 U.S.C. sec. 1983 and The Voting Rights Act, 42 U.S.C. sec. 1971 *et seq*.

9. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. sec. 1391 because the matter in controversy arose exclusively in the County of Philadelphia, Pennsylvania, all parties conduct business in the District and were subject to personal jurisdiction at the time the controversy arose, and because all claims accrued within the District.

## III. FACTUAL ALLEGATIONS

10. Plaintiff incorporates herein by reference the averments set forth in the preceding paragraphs 1 through 9.

11. Plaintiff was one of five endorsed nominees by the Republican Party in the November 6th 2007 city wide election for the position of City Councilman-at-Large.

12. Plaintiff was one of the top two vote recipient Republican City Council-at-Large candidates in the Machine Vote count and the Provisional Ballot Vote count.

13. Plaintiff received sufficiently less Absentee Ballot Votes to place him as the third top Republican City Council-at-Large candidate vote recipient.

14. Pursuant to the Philadelphia City Charter, only five out of seven At-Large council persons may be of the same party; ergo, the top two City Council-at-Large candidate vote recipients of the minority party (or parties) are elected to office.

15. The top five vote recipients in the November 6th 2007 election for City Council-at-Large were from the Democratic Party.

16. The top two minority party vote recipients in the November 6th 2007 election for City Council-at-Large were from the Republican Party.

17. Plaintiff placed third in votes received by virtue of the Absentee Ballot votes only, and therefore was not elected to office.

18. Absentee Ballot voting is governed by Pennsylvania state election law.

19. The Philadelphia County Board of Elections failed to follow the election law set forth by Pennsylvania state election law, specifically, the procedure for Absentee Ballot voting, including but not limited to the following:.

(a) Defendants issued absentee ballots to residents of a nursing home located in Northeast Philadelphia, a nursing home located in North Philadelphia and a nursing home located in South Philadelphia, without receiving valid applications for absentee ballots from the elector/voter;

(b) Absentee ballots for a nursing home in Northeast Philadelphia, a nursing home located in North Philadelphia and a nursing home located in South Philadelphia, were given to an individual(s), not otherwise authorized, to hand carry the absentee ballots to these locations;

(c) Absentee Ballots which were brought to a nursing home located in Northeast Philadelphia, a nursing home located in North Philadelphia and a nursing home located in South Philadelphia, were completed by an individual(s), other than the elector/voter, however, the absentee ballot failed to declare the identity and authorization of the individual(s) who completed the absentee ballots;

(d) Absentee Ballots were hand carried by an individual(s) from a Northeast Philadelphia, a nursing home located in North Philadelphia and a nursing home located in South Philadelphia, and returned to the Board of Elections, where they were accepted and counted as valid votes toward the election of the candidates;

(e) Absentee Ballots were not delivered to their corresponding polling places on election day and opened at the polling place in the presence of elected poll officials; and,

(f) Absentee Ballots were not opened nor counted until after election day.

20. As a direct and proximate result of the actions and/or failure to act of all defendants, plaintiff was denied equal protection and due process of law as a voter and candidate.

21. At all times relevant to this Complaint, all defendants were acting in their official capacity and acting within the course and scope of their employment, and under color of state law.

22. At all times relevant to this Complaint, the actions taken by all defendants deprived plaintiff of his constitutional and statutory rights.

## IV. CLAIMS

### -COUNT I-

**DENIAL OF DUE PROCESS**
**42 U.S.C. sec. 1983**

23. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 22 above.

24. As a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff was deprived of equal protection and due process of law and of his right to pursue public office without fraud and/or abuse in the Absentee Vote process governed by Pennsylvania state election law.

25. As a direct and proximate result of the acts of all defendants, plaintiff suffered and continues to suffer harm, in violation of his rights under the laws and Constitution of the United States of America, including the First, Fourth and Fourteenth Amendments thereto, and Title 42 U.S.C. sec. 1983.

**WHEREFORE**, plaintiff respectfully requests that this Court issue judgement against the defendants and direct the defendants to:

1. Investigate the validity of Absentee Ballots and report such findings to the Court.

2. Invalidate any Absentee Ballots not submitted in accordance with Pennsylvania state election law.

3. Determine the accuracy of the election results for City Council-at-Large candidates of the minority party and report such findings to the Court.

Plaintiff further requests that compensatory and punitive damages, costs and attorney's fees be awarded; and such other relief, in Equity or otherwise, as this Honorable Court may deem just.

-COUNT II-

### THE VOTING RIGHTS ACT
### 42 U.S.C. sec. 1971 *et seq.*

26. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 25 above.

27. Defendants applied a standard, practice, and/or procedure in the Absentee Ballot process not in compliance with Pennsylvania state election law.

28. The standard, practice, and/or procedure in the Absentee Ballot process implemented by the Defendants was unfair and unlawful thereby permitting absentee ballots to be fraudulently cast.

29. As a direct and proximate result of the above averments, Defendants have deprived Plaintiff of his rights enfranchised in the Voting Rights Act. 42 U.S.C. sec. 1971 *et seq*.

**WHEREFORE**, plaintiff respectfully requests that this Court issue judgement against the defendants and direct the defendants to:

1. Investigate the validity of Absentee Ballots and report such findings to the Court.

2. Invalidate any Absentee Ballots not submitted in accordance with Pennsylvania state election law.

3. Determine the accuracy of the election results for City Council-at-Large candidates of the minority party and report such findings to the Court.

Plaintiff further requests that compensatory and punitive damages, costs and attorney's fees be awarded; and such other relief, in Equity or otherwise, as this Honorable Court may deem just.

## ALL COUNTS

30. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 29 above.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter judgment in favor of the plaintiff and against all defendants and to award plaintiff the following relief:

(a) Compensatory damages as to all defendants;

(b) Punitive damages as to all defendants;

(c) Plaintiff's attorney's fees, expert witness fees and all other costs of suit; and

(d) Such other relief in Equity or otherwise as the Court deems appropriate.

Respectfully submitted,

**LAW OFFICE OF
JEREMY H. GONZALEZ IBRAHIM**

BY: *[signature]*
Jeremy H.G. Ibrahim
Attorney for Plaintiff
Post Office Box 1025
Chadds Ford, PA 19317

**Date:** January 21st 2008