IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID OH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-0081 |
| | : | |
| PHILADELPHIA COUNTY BOARD OF ELECTIONS, et al. | : : | |

O'NEILL, J.                                                      JULY 16, 2008

MEMORANDUM

On March 25, 2008, plaintiff David Oh filed a complaint alleging that defendant Philadelphia County Board of Elections violated 42 U.S.C. § 1983 and 42 U.S.C. § 1971 by failing to adhere to proper procedures for absentee ballot voting. Specifically plaintiff contends that he was denied equal protection and due process of law as a voter and a candidate. I have jurisdiction pursuant to 42 U.S.C. § 1331.

Presently before me are defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), plaintiff's response and defendants' reply.

BACKGROUND

Plaintiff David Oh is a resident of Philadelphia and was a Republican Party candidate for the a City Council-at-Large seat in the 2007 election. Defendant Board of Elections is a municipal entity whose mission is to administer voter registration and conduct elections in accordance with state and federal voter registration and election laws. Defendants Judge Margaret Tartaglione, Judge Edgar Howard, Judge Joseph Duda, and Dennis Kelly are residents of Philadelphia and serve on the Board of Elections.

By the Philadelphia City Charter only five of the seven at-large members of the Council

may be of the dominant party. Therefore the minority Republican Party was entitled to two at-large seats on the Council in the 2007 election. Plaintiff was one of the top two Republican vote recipients after the count of machine and provisional ballot votes but placed third overall among Republican at-large candidates after the count of absentee ballot votes. After the final tally of votes Mr. Jack Kelly was the second-place vote recipient for the Republican Party. Kelly presently serves on the Council.

Plaintiff alleges that defendants did not follow state election law in handling absentee ballots associated with several nursing homes in the Philadelphia area. Plaintiff claims that: (1) residents of these homes were issued absentee ballots without having submitted the proper applications; (2) the ballots were hand-carried to these locations by an unauthorized individual; (3) the ballots were filled out by an unidentified and unauthorized third party other than the named voter; (4) the ballots were hand-delivered by an individual from the nursing home to the Board of Elections; (5) the ballots were not delivered to their corresponding polling places; and (6) the ballots were neither opened nor counted until after Election Day.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(7) provides a defense based on a failure to join a party under Rule 19. "Under Rule 19(a), the joinder of parties is compulsory or 'necessary' if their joinder is 'feasible.'" Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). Federal Rule of Civil Procedure 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties

> subject to the substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the person is not a necessary party under the provisions of Rule 19(a), "the inquiry need go no further" because the party need not be joined. Bank of Am. Nat'l Trust & Sav. Assoc. v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 (3d Cir. 1988).

I.      Rule 19(a)(1)

The inquiry under Rule 19(a)(1) is limited to "whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." Gen. Refractories Co., 500 F.3d at 313, citing Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996) (emphasis in original).

In this case plaintiff seeks that defendants: (1) investigate the validity of the absentee ballots and report such findings to the Court; (2) invalidate any absentee ballots not submitted in accordance with Pennsylvania election law; (3) determine the accuracy of the election results for City Council-at-Large candidates of the minority party; and (4) report their findings to the Court. Plaintiff also seeks compensatory damages, punitive damages, costs and other equitable relief.

Looking to the relief requested by plaintiff I conclude that complete relief can be accorded among those already parties to this case. Though defendants argue that Kelly is necessary because plaintiff is attempting to remove him from office and any ouster would require Kelly to be notified and to participate, these arguments provide insufficient grounds to make Kelly necessary under Rule 19(a)(1). Any ouster of Kelly is merely a potential effect of this litigation, and as the Court of Appeals stated in General Refractories the effect a decision may have on third parties is immaterial to the analysis under Rule 19(a)(1).

Because I may grant complete relief among the already named parties, Kelly is

not a necessary party under Rule 19(a)(1).

  II.  Rule 19(a)(2)

The Court of Appeals has held that under Rule 19(a)(2) "a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action." <u>Liberty Mut. Ins. Co., v. Treesdale, Inc.</u>, 419 F.3d 216, 230 (3d Cir. 2005), <u>quoting</u> <u>Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.</u>, 158 F. Supp. 2d 476, 483 (E.D. Pa. 2001); <u>see also</u> <u>Special Jet Servs., Inc. v. Fed. Ins. Co.</u>, 83 F.R.D. 596, 599 (W.D. Pa. 1979) ("The 'interest' relating to the subject matter of the action that makes an absent party a party needed for just adjudication must be a legally protected interest, not merely a financial interest or interest of convenience."), <u>quoting</u> 3A Moore's Federal Practice ¶ 19.07-1(2).

In the present motion defendants argue that Kelly is necessary based on his interest in his elected position on the Council. For Kelly's interest in his elected position to be legally protected under federal law, he would need a property right in continued employment; if he did the State could not deprive him of this property without due process of law. <u>See</u> <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 538 (1985) (citing cases). Because the Supreme Court has held that "[p]roperty interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law,'" <u>id.</u> at 538, <u>quoting</u> <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (1972), I will turn to Pennsylvania law to determine whether Kelly, as a sitting elected official, has a legally protected interest in his office.

In <u>In re 1991 Pa. Legislative Reapportionment Commission</u> the Pennsylvania

Supreme Court asserted:

> An elected office is a public trust, not the private domain of the officeholder.  A member of the Legislature has a profound responsibility to represent his constituents in the formation of public policy in this state.  He holds office for the benefit of his constituents . . . [and] is periodically accountable to his constituents through the electoral process. . . . A member of the Legislature is thus subject to the political process at all times. . . . This is properly so for the public interest in the office far outweighs any private interest of the officeholder.  An elected official can never have tenure in the same sense as an ordinary public employee.
> Thus as we have held in the past, elected officials' interest in their offices does not merit constitutional protection.

609 A.2d 132, 140-41 (Pa. 1992), citing Sweeney v. Tucker, 375 A.2d 698, 713 (Pa. 1977).

Also under Pennsylvania law there is no constitutional or statutory right for an elected official to serve out their elected terms.  In re Reapportionment of Sch. Dist. of Pittsburgh, 488 A.2d 1106, 1107-08 (Pa. 1985) (per curiam) (stating there is no constitutional or statutory basis for the assumption that incumbent school directors had a legal right to serve out their elective terms, as "[i]t is well settled that the legislature has the power to abolish legislative offices it created").

Because under Pennsylvania law Kelly has no legally protected interest in his position on the Council or in serving a full term on the Council, he may claim no legally protected interest relating to the subject of this action.  Therefore Kelly is not necessary under Rule 19(a)(2).[1]  The inquiry need go no further because Kelly need not be joined.

---

[1] Requirements for the type of interest a party needs to possess to be necessary under Rule 19(a)(2) vary by jurisdiction.  Unlike this jurisdiction, certain other jurisdictions require that an absent party merely express an interest in the subject of the action.  Further, certain other jurisdictions recognize that sitting elected officials retain interests in their office or their continued tenure in office.  Accordingly some courts have determined that sitting elected officials are necessary or indispensable parties to litigation challenging the election.  See, e.g.,

An appropriate Order follows.

---

Dickinson v. Ind. State Election Bd., 933 F.2d 497, 499 (7th Cir. 1991) (recognizing the District Court's joinder of elected officials under Rule 19 in Voting Rights Act case challenging legislative apportionment); Williams v. State Bd. of Elections, 696 F. Supp. 1563, 1572 (N.D. Ill. 1988) (holding that sitting elected judges were indispensable parties to a voting rights discrimination action because their absence likely would impair their ability to protect their continued tenure); Donohue v. Bd. of Elections of N.Y., 435 F. Supp. 957, 965 (E.D.N.Y. 1976) (asserting that a successful candidate is a necessary party in a suit to recover his position under New York law); Walsh v. Peoria, 222 F. Supp. 516, 520 (S.D.N.Y. 1963) (holding that the directors of a company whose elections were being challenged in the action were indispensable parties by virtue of their interest in their positions); Benavente v. Taitano, 2006 WL 3060030, at *14 (Guam Oct. 27, 2006) (determining that absent nominees were necessary where they had an interest, created by statute, to be placed on the general election ballot and their ability to protect that interest might have been impaired by a judgment rendered in their absence).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID OH | : | CIVIL ACTION |
| | : | NO. 08-0081 |
| v. | : | |
| | : | |
| PHILADELPHIA COUNTY BOARD | : | |
| OF ELECTIONS, et al. | : | |

ORDER

AND NOW, this 16th day of July 2008, upon consideration of defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), plaintiff's response and defendants' reply, it is ORDERED that defendants' motion is DENIED.

                                                    s/Thomas N. O'Neill, Jr.
                                                    THOMAS N. O'NEILL, JR., J.