IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID OH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-0081 |
| | : | |
| PHILADELPHIA COUNTY BOARD | : | |
| OF ELECTIONS, et al. | : | |

O'NEILL, J.                                                                                         October 31, 2008

MEMORANDUM

On March 25, 2008, plaintiff David Oh filed an amended complaint on behalf of himself as a voter and a candidate and of all voters alleging that defendants Philadelphia County Board of Elections and Judges Margaret M. Tartaglione, Edgar A. Howard and Joseph J. Duda and Supervisor Dennis Kelly individually and in their official capacity violated 42 U.S.C. § 1983 and 42 U.S.C. § 1971 by failing to adhere to proper procedures for absentee ballot voting. Specifically, plaintiff contends that he was denied equal protection and due process of law as a voter and a candidate. I have jurisdiction pursuant to 42 U.S.C. § 1331. Presently before me are defendants' motion to dismiss, plaintiff's response and defendants' reply thereto.

BACKGROUND

Plaintiff David Oh, a resident of Philadelphia, was a Republican Party candidate for a City Council-at-Large seat in the 2007 election. Defendant Board of Elections is a municipal entity whose mission is to administer voter registration and conduct elections in accordance with state and federal voter registration and election laws. Defendants Judge Margaret Tartaglione, Judge Edgar Howard, Judge Joseph Duda and Supervisor Dennis Kelly are residents of Philadelphia and have served on the Board of Elections.

Under the Philadelphia City Charter, five of the seven at-large members of the Council may be of the dominant party, so the minority Republican Party was entitled to two at-large Council seats in the 2007 election. Plaintiff was one of the top two vote recipients after the count of machine and provisional ballot votes but placed third overall among Republican at-large candidates after inclusion of absentee ballot votes. After the final tally, Jack Kelly was the second-place vote recipient for the Republican Party. Kelly presently serves on the Council.

Plaintiff alleges that defendants did not follow state election law in handling absentee ballots associated with several nursing homes in the Philadelphia area. Plaintiff claims that: (1) residents of these homes were issued absentee ballots without having submitted the proper applications; (2) the ballots were hand-carried to these locations by an unauthorized individual; (3) the ballots were filled out by an unidentified and unauthorized third party other than the named voter; (4) the ballots were hand-delivered by an individual from the nursing home to the Board of Elections; (5) the ballots were not delivered to their corresponding polling places; and (6) the ballots were neither opened nor counted until after Election Day.

Following the election, plaintiff raised absentee ballot challenges to the Board during the canvassing process but did not appeal the Board's adverse decisions pursuant to 25 P.S. § 3146.8(e). Under this law, plaintiff had until two days after the Board of Elections ruled on the parties' respective objections during the canvassing process to file an appeal to the Court of Common Pleas. As plaintiff did not pursue his state appellate rights under the Pennsylvania Election Code, the Board's decision became a final ruling. On November 26, 2007, the Board certified Councilman Jack Kelly as the winner of the November 6, 2007 election. Plaintiff initiated this action 39 days after the certification, on January 4, 2008.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

DISCUSSION

In his amended complaint, plaintiff claims that defendants denied him due process under 42 U.S.C. § 1983 by violating his First, Fourth and Fourteenth Amendment rights and that defendants violated the Voting Rights Act, 42 U.S.C. § 1972. Defendants moved to dismiss on several grounds including failure to state a claim and lack of standing or a case or controversy.

3

I.      Claims under Section 1983

Plaintiff claims that "as a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff was deprived of equal protection and due process of law and of his right to pursue public office without fraud and/or abuse in the Absentee Vote process governed by Pennsylvania state election law" in violation of the First, Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.[1]  Defendants respond that plaintiff fails to state an equal protection claim because he does not allege that he was treated differently from other candidates.  They also argue that he fails to state either a procedural or substantive due process claim.

Section 1983[2] is not a source of substantive rights; rather § 1983 authorizes a person to file a private cause of action against state actors for a deprivation of rights protected by a federal statute or the United States Constitution.  42 U.S.C. § 1983 (2004); West v. Atkins, 487 U.S. 42, 48 (1988).  Thus, in order to state a claim under § 1983, plaintiff must allege:  (1) a violation of a

---

[1] Plaintiff's now claims in his response to defendants' motion to dismiss that the permanent injunction issued by Judge Newcomer violated his rights to equal protection and due process and implicated his rights under the Voting Act.  This claim was not raised in the Amended Complaint, and thus I will not address it.

[2] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (2004).

right secured by the Constitution or the laws of the United States and (2) that the deprivation was committed by a person acting under the color of state law. Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999). Here, it is undisputed that defendants were acting under color of state law as the Board of Elections and its members. I will, therefore, focus on the sufficiency of plaintiff's claims that defendants violated his constitutional rights.

Defendants argue that plaintiff fails to allege that he has been deprived of a constitutionally protected right under the First, Fourth or Fourteenth Amendments. In satisfying the constitutional violation requirement "it is not enough for plaintiff to show that [he] suffered a deprivation. A plaintiff must allege that [he] was deprived of a constitutionally protected interest without due process of law." Hammond v. Creative Fin. Planning Org., Inc., 800 F. Supp. 1244, 1248 (E.D. Pa. 1992) citing Parratt v. Taylor, 451 U.S. 527, 535 (1981). Therefore, plaintiff will be "entitled to relief [only] if [his] complaint sufficiently alleges deprivation of any right secured by the Constitution." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

A § 1983 complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed plaintiffs." Freedman v. City of Allentown, Pa., 853 F.2d 1111, 1114 (3d Cir. 1988). "A civil rights complaint that relies on vague and conclusory allegations does not provide 'fair notice' and will not survive a motion to dismiss." Dist. Council 47, Am. Fed'n of State County and Municipal Employees, AFL-CIO v. Bradley, 795 F.2d 310, 313 (3d Cir. 1986). However, where "sufficient facts are alleged in the complaint so that the court is satisfied that the complaint is not frivolous and that the defendants have been provided with adequate notice so that they can answer the complaint, then the complaint will be deemed sufficient and will be sustained." Id. Ultimately, "the sufficiency of a

civil rights complaint must be determined on a case-by-case basis." Freedman v. City of Allentown, Pa., 853 F.2d 1111, 1114 (3d Cir. 1988). On the one hand, courts have held a § 1983 complaint to be sufficient where the court is "satisfied from the factual scenario alleged that the [defendants'] conduct could have violated plaintiff's rights." Id. On the other hand, courts have dismissed § 1983 complaints where the court has "concluded that the plaintiff could not allege a viable civil rights complaint." Id. at 1115.

    A.    First Amendment

Plaintiff claims in his amended complaint that defendants violated his First Amendment rights, but he fails to allege any facts to support this claim. The First Amendment to the United States Constitution states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S.C.A. Const. Amend. I. Here, plaintiff has not alleged that defendants impinged upon his First Amendment right to free speech in any way, so he has not sufficiently alleged a constitutional violation to give rise to a claim under § 1983. I will therefore grant defendants' motion to dismiss on this claim for failure to state a claim.

    B.    Fourth Amendment

Plaintiff claims in his amended complaint that defendants violated his Fourth Amendment rights, but he fails to allege any facts to support this claim. The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but

> upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S.C.A. Const. Amend. IV.  Here, plaintiff has not alleged that defendants searched, seized, issued a warrant without probable cause or otherwise violated the Fourth Amendment, so he has not sufficiently alleged a constitutional violation to give rise to a claim under § 1983.  I will therefore grant defendants' motion to dismiss on this claim for failure to state a claim.

### C. Fourteenth Amendment

Plaintiff claims in his amended complaint that defendants violated his rights to equal protection under the law and due process of law under the Fourteenth Amendment.  The Fourteenth Amendment to the U.S. Constitution states in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S.C.A. Const. Amend. XIV § 1.

#### 1. Equal Protection

Plaintiff claims that defendants violated his right to equal protection through "fraud and/or abuse in the Absentee Vote process governed by Pennsylvania state election law."  As previously noted, "[a] civil rights complaint that relies on vague and conclusory allegations does not provide 'fair notice' and will not survive a motion to dismiss."  Bradley, 795 F.2d at 313.  The plaintiff's allegations are vague and conclusory and do not survive a motion to dismiss.

> The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.

Snowden v. Hughes, et al., 321 U.S. 1, 8 (1944).  First, plaintiff fails to allege that his absentee ballots were treated differently by the Board of Elections than those of any other candidate. Additionally, he does not allege that the parties he claims denied him equal protection knowingly or intentionally violated the election laws.  His complaint alleges that unknown individuals and third parties treated absentee ballots unlawfully, but he alleges no knowing or intentional conduct by any of the named defendants.  He does not allege that their actions resulted in his being treated differently from others.  He has failed to state a valid equal protection claim, so he has not sufficiently alleged a constitutional violation to give rise to a claim under § 1983.  I will therefore grant defendants' motion to dismiss on this claim for failure to state a claim.

        2.        Due Process

Plaintiff claims defendants violated his substantive due process right to a free and fair election under Reynolds v. Sims, 377 U.S. 533 (1964).  The Due Process Clause "was intended to prevent government from abusing its power, or employing it as an instrument of oppression." Biener v. Calio, 361 F.3d 206, 216 (3d Cir. 2004), citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) (internal citations and quotations omitted).  Under the doctrine of substantive due process, the Supreme Court has recognized that the Fourteenth Amendment's Due Process Clause . . . guarantees more than fair process and the absence of physical restraint, but "provides heightened protection against government interference with certain fundamental rights and liberty interests."  Com. v. Bullock, 913 A.2d 207, 214 (Pa. 2006), citing Washington v. Glucksberg, 521 U.S. 702, 719-20 (1997).  The threshold issue is whether plaintiff possesses a protected liberty or property interest in the absentee vote count process.  The Supreme Court has held that even "an unlawful denial by state action of a right to state political

office is not a denial of a right of property or of liberty secured by the due process clause." Snowden, 321 U.S. at 7.  "The right to become a candidate for state office . . . is a right or privilege of state citizenship, not of national citizenship which alone is protected by the privileges and immunities clause."  Id. at 6-7 (internal citations omitted).  Similarly, even an unlawful denial of municipal office is not a denial of a right of property or liberty under the due process clause.  Therefore, even if the absentee vote count process created the unlawful denial of municipal office it did not create an enforceable property or liberty right.

     Plaintiff has not alleged that defendants abused their power or used governmental power as an instrument of oppression.  The case law that he cites in his response is inapposite as the cases address candidate access to the ballot and the right of citizens to vote which are not at issue in this case.  Plaintiff does not have a protected liberty or property interest in winning a municipal office, so he has not sufficiently alleged a constitutional violation to give rise to a claim under § 1983.  I will therefore grant defendants' motion to dismiss on this claim for failure to state a claim for a substantive due process violation.

     Although a claim for a violation of plaintiff's right to procedural due process is not apparent in his pleadings, as defendants' address it in their response I will address this argument.  Plaintiff received a full hearing before the Board of Elections and was provided an opportunity to raise any concerns about the election at that time, including an opportunity to challenge any absentee ballot brought to the Board.  Although he had an opportunity to appeal the Board's decision before certification pursuant to 25 P.S. § 3146.8(e), he chose to forego his state appellate opportunities provided under the state election law for the purpose of giving candidates a meaningful opportunity to challenge the Board's certification.  As he has cited no denial of any

9

procedural right and, indeed, I can find none, plaintiff has failed to state a claim of procedural due process. I will therefore grant defendants' motion to dismiss on this claim for failure to state a claim of procedural due process.

II.   Voting Rights Act

Plaintiff lacks standing to sue under the Voting Rights Act, either individually or on behalf of the voters of Philadelphia. In order to have standing to raise a claim before this Court, plaintiff must establish that he meets the three constitutional requirements for standing and the prudential considerations that courts have applied in determining standing. Storino v. Borough of Point Pleasant Beach, 322 F.3d 292, 296 (3d Cir. 2003). To meet the constitutional requirements for standing, plaintiff must: (1) have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of and (3) it must be likely and not speculative that the injury will be remedied by a favorable decision. Id. See also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The prudential principles applied in determining whether there is standing are:

> (1) the Plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties; (2) even when the Plaintiff has alleged redressable injury sufficient to meet the requirements of Article III, the federal courts will not adjudicate abstract questions of wide public significance which amount to generalized grievances shared and most appropriately addressed in the representative branches; and (3) the Plaintiff's complaint must fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.

Miller v. Nissan Motor Acceptance Corp., 362 F.3d 209, 221 (3d Cir. 2004) (citations omitted). Plaintiff fails to satisfy both the constitutional and prudential standing requirements.

Plaintiff has not established the first requirement that he has suffered an injury in fact.

An injury in fact is " an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical . . . ." Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003). In plaintiff's complaint, he alleges that "the standard, practice, and/or procedure in the Absentee Ballot process implemented by the Defendants was unfair and unlawful thereby permitting absentee ballots to be fraudulently cast. . . . [and] deprived Plaintiff of his rights enfranchised in the Voting Rights Act."

As noted in Conway School Dist. v. Wilhoit, 854 F. Supp. 1430, 1432 -1433 (E.D. Ark. 1994), the Voting Rights Act originally conferred standing in express terms only upon the U.S. Attorney General. However, the Supreme Court held in Allen v. State Board of Elections, 393 U.S. 544 (1969) that private litigants attempting to protect their voting rights were also proper parties to bring about the goals of the Act, thus granting standing to aggrieved voters "seeking judicial enforcement of the prohibition" against infringements upon the right to vote based on race. Id. at 557. Congress responded to the Supreme Court's holding in Allen by amending the Voting Rights Act to confer standing expressly upon "aggrieved persons" to enforce their voting rights. 42 U.S.C. 1973a. The Eighth Circuit has held that "standing to sue under [the Voting Rights Act] is limited to the [U.S.] Attorney General and to 'aggrieved persons,' a category that we hold to be limited to persons whose voting rights have been denied or impaired." Roberts v. Wamser, 883 F.2d 617, 624 (8th Cir. 1989).[3]

---

[3] The Roberts court explained:
> We conclude that an unsuccessful candidate attempting to challenge election results does not have standing under the Voting Rights Act. Although the "aggrieved person" language might be stretched to include an unsuccessful candidate such as Roberts, we are unconvinced that Congress intended it to be stretched that far. The purpose of the Voting Rights Act is to protect minority voters, not to give unsuccessful candidates for state or local office a federal forum

Specifically, Roberts held that unsuccessful candidates for office lack standing to bring an action under the Voting Rights Act.  Id., see also White-Battle v. Democratic Party of Va., 323 F. Supp.2d 696, 703 (E.D. Va. 2004), holding that "[t]he purpose of the Voting Rights Act is to protect minority voters, not to give unsuccessful candidates for state or local office a federal forum in which to challenge elections;" McGee v. City of Warrensville Heights, 16 F. Supp.2d 837, 846 (N.D. Ohio 1998), finding that "[p]laintiffs were not denied access to the ballot on account of their race nor do plaintiffs make more than a conclusory allegation in the complaint that individuals within the community were denied the right to vote for plaintiffs on the basis of their race.  As plaintiff is an unsuccessful candidate for public office, his injury does not arise under the Voting Rights Act and he does not have standing as an individual to bring this suit.

Additionally, while plaintiff claims to be bringing this suit "individually and on behalf of voters of Philadelphia," he alleges no redressable injury to the voters - only to himself. According to his theory of the case, the only aggrieved parties are himself as an unsuccessful candidate and any absentee voters whose votes were allegedly mishandled during the vote-counting process.  However, as he does not allege that the "voters of Philadelphia," whoever they

---

in which to challenge elections.  In addition, we see good reasons why Congress would not have wished to confer standing on defeated candidates.  First, because of the potential divergence between the interests of a candidate seeking office and citizens attempting to enforce their right to vote, it is difficult to see an aggrieved candidate as being a proper party to bring a Voting Rights Act action.  And second, because state and local election contests are quintessential state and local matters, to extend standing to an unsuccessful candidate to challenge his electoral defeat under the Voting Rights Act would violate principles of federalism in a highly radical way-an intention that we should not attribute to Congress except upon its unmistakably clear manifestation in the statutory language.  Roberts, 883 F.2d at 621.

may be,[4] were injured by the absentee ballot process, he has not established an injury in fact for that claim and therefore lacks standing for their claim as well. The prudential principles support that he cannot rest his claim to relief on the legal rights or interests of the voters. The claim plaintiff alleges on behalf of these voters, even if substantiated, would amount to a "'generalized grievance' shared in substantially equal measure by all or a large class of citizens" and is not sufficient to confer standing. Warth v. Seldin, 422 U.S. 490, 499 (1975); see also Lujan, 504 U.S. at 560, noting that the injury must be "concrete and particularized;" Whitmore v. Arkansas 495 U.S. 149, 160 (1990), holding that "the 'generalized interest of all citizens in constitutional governance' . . . is an inadequate basis on which to grant" standing; Allen v. Wright, 468 U.S. 737, 754 (1984), noting that "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court"; Public Interest Research Group v. Magnesium Elektron, 123 F.3d 111, 121 (3d Cir. 1997), stating that "[t]he legal 'right' to have corporations obey environmental laws cannot, by itself, support standing."

Because plaintiff has not established the required elements to demonstrate that he has standing under the Voting Rights Act, I will grant defendants' motion to dismiss this claim.[5]

An appropriate Order follows.

---

[4] In his response, plaintiff claims to bring a claim on behalf of "all Philadelphia voters, regardless of their party affiliation or whom they voted for in the election."

[5] As I will dismiss all claims on other grounds, I will not address defendants' arguments regarding laches, his standing to bring a claim on behalf of voters on the Section 1983 claim, a lack of case or controversy, impertinent material in the caption, eliminating the Board of Elections as a party, the redundancy of the remaining claims against the commissioners, the claims against defendants Tartaglione and Duda being dismissed because they did not sit as the Board in this election, the damages claim being stricken, failure to join an indispensable party and abstention.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID OH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-0081 |
| | : | |
| PHILADELPHIA COUNTY BOARD OF ELECTIONS, et al. | : : | |

ORDER

AND NOW, this 31st day of October 2008, upon consideration of defendants' motion to dismiss, plaintiff's response and defendants' reply, it is ORDERED that defendants' motion to dismiss on all counts is GRANTED. Judgment is entered in favor of defendants Philadelphia County Board of Elections, Judge Margaret Tartaglione, Judge Edgar Howard, Judge Joseph Duda and Dennis Kelly and against plaintiff David Oh. Defendants' motion for reconsideration of denial of motion to dismiss and Jack Kelly's motion to intervene are DENIED as moot.

/s/ THOMAS N. O'NEILL, JR.

THOMAS N. O'NEILL, JR., J.